

DA 08-0191

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2009 MT 50N

STEVEN GLENN PRYOR, CYNTHIA JANICE
RICHARDS and MARC LEONARD PRYOR,

   Plaintiffs and Appellees,

 v.

JAMES R. MUSCH and SHIRLEY J. MUSCH,

   Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,
       In and For the County of Yellowstone, Cause No. DV 05-0088
       Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

      Roy W. Johnson; Johnson Law Office; Billings, Montana

    For Appellees:

      Mark S. Hilario; Harper & Hilario, PLLP, Billings, Montana

         Submitted on Briefs: February 11, 2009

             Decided: February 24, 2009

Filed:

    _____
          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      James R. Musch and Shirley J. Musch appeal from the September 5, 2007, Decision on Summary Judgment, and the subsequent judgment that was entered on March 7, 2008, by the Hon. G. Todd Baugh in the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3      James Musch married Janice Musch in 1983 and each had children by previous marriages. In 1984 James and Janice purchased a home at 320 Stewart Court in Billings, to hold as joint tenants with the right of survivorship. In 2002 James and Janice entered into and each signed an agreement entitled Memorandum of Agreement Concerning our Residence (the Memo). The Memo governed the disposition of the residence at 320 Stewart Court and provided that it was held in trust for distribution to their respective children upon the death of James and Janice or upon a sale of the property.

¶4      Janice died in 2004 and James remarried, to Shirley Musch, defendant below and appellant. In 2005 James conveyed the residence at 320 Stewart Court to himself and Shirley. Steven, Cynthia and Marc Pryor are Janice's children, and they brought the action

2

below to enforce the terms of the Memo agreement and to impose a trust upon the property for their benefit. They moved for summary judgment.

¶5 The parties waived hearing on the motion for summary judgment and submitted briefs and supporting documents. The District Court found that the 2002 Memo "is not ambiguous, was not rescinded, and cannot be varied by parol evidence" and that the Memo therefore governed the interests in the property at 320 Stewart Court.

¶6 We review the district court's grant of summary judgment de novo under the same requirements of M. R. Civ. P. 56, *Cedar Lane Ranch v. Lundberg*, 1999 MT 299, ¶ 15, 297 Mont. 145, 991 P.2d 440.

¶7 In the proceedings below all parties admitted the existence of the 2002 Memo, but James attempted to vary its express terms by parol evidence of various other alleged transactions. This evidence was considered and rejected by the District Court, and the court concluded that the express and unambiguous terms of the Memo provided that the property at 320 Stewart Court was held in trust by James for the benefit of his and Janice's children. If the language of an agreement is unambiguous and can be objectively interpreted only in one way, then it is the duty of the court to apply the meaning of the language and not allow extrinsic evidence to alter the terms. *Ophus v. Fritz*, 2000 MT 251, ¶ 23, 301 Mont. 447, 11 P.3d 1192. The District Court properly enforced the intent of James and Janice when they executed the Memo to preserve the equity in the property for distribution to their respective children. The District Court properly concluded that James' subsequent transfer of the property to himself and Shirley was contrary to the terms of the Memo and contrary to his obligation as a trustee of the property.

3

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶9      Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE